UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 4:22-cr-00027-001-TRM-CHS |
| | ) |
| RENDELL JEREL MOORE | ) |

## SECOND AMENDED MEMORANDUM AND ORDER

RENDELL JEREL MOORE ("Defendant"), came before the Court for an initial appearance on March 14, 2025, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision [Doc. 50] (the "Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined that Defendant wanted to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** Attorney Clay Whittaker of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Russ Swafford explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived the preliminary hearing, but requested a detention hearing. The detention hearing was scheduled on Tuesday, March 18, 2025, at 10:00 a.m.

The detention hearing took place on Tuesday, March 18, 2025. Defendant was represented by Attorney Clay Whittaker. The Government was represented by SAUSA Raven Austin. At the detention hearing, the Government relied upon the allegations in the Petition [Doc. 50] and the sworn testimony of U.S. Probation Officer Tiffany Collins. The Petition recites a number of conditions of supervision violated by Defendant, *to wit*:

- **Standard Condition #2:** After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when

you must report to the probation officer, and you must report to the probation officer as instructed.

- **Standard Condition #5:** You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

- **Standard Condition #7:** You must work full-time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of the change or expected change.

- **Standard Condition #10:** You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

- **Standard Condition #13:** You must follow the instructions of the probation officer related to the conditions of supervision.

Based upon the sworn allegations in the Petition and the testimony of Officer Collins, the Court finds that since Defendant reported for his initial intake appointment with U.S. Probation Office: (1) he failed to obtain verifiable employment; (2) he failed to enter Second Chance Recovery in Shelbyville, Tennessee, to obtain stable housing; (3) he failed to keep his probation officer apprised of the addresses where he was residing; (4) he failed to respond to Officer Collins' repeated requests that he contact her; and (5) he made himself unavailable to supervision by U.S. Probation. Moreover, in early September 2024, Defendant posted photos of himself on Facebook holding what appeared to be an AR-15 long rifle with optics, and displaying a pistol tucked into the waistband of his pants. At the hearing, Attorney Whittaker proffered on behalf of Defendant that the guns were realistic toy replicas, but it is not possible to make that determination by viewing the photos. Defendant was convicted of possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1) and is currently on supervised release as a result of that offense. Consequently, it is illegal for him to possess a firearm. It was not possible for Officer Collins to determine whether the photos posted by Defendant on Facebook reflected real guns or replicas of guns because Defendant was not making himself available to her for supervision.

The Court finds that probable cause exists to demonstrate that Defendant has committed violations of his conditions of supervised release and that Defendant has not carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further Order of this Court.

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to the Honorable Chief United States District Judge Travis R. McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petition.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition, they shall request a hearing before Chief Judge McDonough.

3. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE